**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWN WENTWORTH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>　　　　　Defendant. | Case No. 21-cv-01941-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3); AND**<br><br>**(3) DISMISSING CASE** |

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Case No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (*Id.*, ECF No. 8.) Ms. Wentworth did not appear at the hearing. (*Id.*, ECF No. 10.)

The cases consolidated by the Court included *Hudson v. U.S. Department of Education*, Case No. 21-cv-0750-BAS-AGS and other actions involving education employees and officials. In the consolidated case, the Court granted the request to proceed *in forma pauperis* ("IFP") and dismissed the underlying complaints because they did not state a claim. (*Id.*, ECF No. 11.) The Court ordered Ms. Wentworth to file an Amended Complaint in the consolidated case by August 27, 2021. (*Id.*) She did not do so.

Ms. Wentworth now files this action, stating it is a "2nd Filing" for an action originally filed in April 2021 concerning the U.S. Department of Education and seeking $13 million in damages per plaintiff. (Compl., ECF No. 1.) She also moves to proceed IFP and for appointment of counsel. (ECF Nos. 2, 3.)

The Court again grants Ms. Wentworth's request to proceed IFP. Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.1984)). In addition, an IFP complaint "that merely repeats pending or previously litigated claims" is subject to dismissal as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)) (construing former version of 28 U.S.C. § 1915(d), which then governed dismissal for frivolousness).

There is no need for this additional action concerning the U.S. Department of Education. And because this case is duplicative of Ms. Wentworth's consolidated action, the Court concludes it is frivolous and dismisses it with prejudice. Further, even if the Court construed this case as an amended pleading for the consolidated case, the amended pleading is untimely and does not follow the Court's instructions in the consolidated case. The Court also finds there are not exceptional circumstances warranting a request for pro bono counsel. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Accordingly, the Court **GRANTS** Ms. Wentworth's Motion to Proceed IFP (ECF No. 2) but **DENIES** her Motion to Appoint Counsel (ECF No. 3). The Court **DISMISSES**

1  **WITH PREJUDICE** this action.  The Clerk shall enter judgment accordingly.  Finally,
2  the Clerk shall also place a Do Not File ("DNF") tag on this case because Ms. Wentworth
3  has not followed the Court's orders and the Court the consolidated prior actions concerning
4  these allegations in Case No. 21-cv-00757-BAS-AGS.
5      **IT IS SO ORDERED.**
6
7  **DATED: November 23, 2021**

Hon. Cynthia Bashant
United States District Judge